STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-23

$KS -KEN- 215106

MARGARET CLARK,

Petitioner

v.

**DECISION ON APPEAL**

JOHN R. NICHOLAS,
COMMISSIONER, DEPARTMENT
OF HEALTH AND HUMAN
SERVICES,

Respondent

This matter comes before the court for review of final agency action and an independent claim pursuant to M.R. Civ. P. 80C.

**Background**

Petitioner Margaret Clark lives in a residential care facility as a private pay resident. During the past year, she has received benefits through the Home Based Care Program ("HBC") because she was medically eligible to receive such services. On July 23, 2004, Clark was assessed by an agent of DHHS and determined to be no longer eligible for the HBC Program. The reason given for the denial was "service no longer available."

Clark made a timely appeal of this decision within the Department, resulting ultimately in a final decision by the respondent Commissioner on March 9, 2005. In that decision, the Commissioner merely noted that he "declined to accept the Recommendation of the Hearing Officer," and that he concurred that the petitioner was not eligible for services under the HBC. The Commissioner also found a possible defect in the notice the petitioner had originally been given, but ignored that defect as a result

of no evidence of a resulting harm. From this final decision, the petitioner filed a timely appeal. 5 M.R.S.A. § 11002(3). The petitioner also brought a permissible independent claim seeking a declaration that the Notice of Denial issued by the Department's agent violated the petitioner's right to due process as guaranteed by the United States and Maine Constitutions and related statutes and regulations.

## Discussion

The petitioner raises two issues in her brief:

(1)    Was the Commissioner correct in his conclusion that the petitioner was no longer entitled to the HBC services? and

(2)    Was the notice of denial given to the petitioner sufficient to pass constitutional muster?

With regard to the first issue, the Commissioner's decision (Tab E) is completely inadequate to determine the rationale for the final decision. The decision consists of conclusory statements that the petitioner was not eligible for services and that there was no evidence of harm as a result of a defective notice. The sparseness of the decision is all the more difficult since the Commissioner was rejecting the recommended decision of the Department's Hearing Officer. For this reason, the court would remand the matter to the agency for further findings of fact and conclusions of law sufficient to explain the rationale behind the decision, including citation to the applicable statutes and regulations in effect at the time of the decision.

With regard to the issue of the adequacy of notice, the reason given – "service no longer available" is not only inadequate, it is factually misleading and wrong. This inadequacy was noted in the recommended decision of the Hearing Officer in that it "... did not inform her of the real reason it was seeking to terminate her from the program. The notice was not adequate." However, the Commissioner, while noting the

hearing officer's concerns, found that no harm had been done by the inadequate notice, presumably based on the fact that the petitioner had decided to appeal despite the problems with the notice. The court does not agree with the respondent on the notice issue. First, the notice does not include the required reference to substantive and rule provisions as required under the Administrative Procedure Act. 5 M.R.S.A. § 9052(4). Second, the notice is not simply inadequate or incomplete; it is affirmatively misleading in the implication that benefits were stopping because the program was terminated. Although the petitioner did file an appeal, she was prejudiced by this inadequate notice in that it never explained the real reasons – whatever they were – that her benefits were being terminated and, therefore, she was faced with an unclear or even shifting target on appeal. Because of the deficiencies of the notice of denial, the court concludes that the best resolution of this appeal would be to have the process of review redone from the beginning.

In light of the foregoing, the entry will be:

> The case is REMANDED to the Department of Health and Human Services for reassessment of the petitioner's right to continued benefits under the Home Based Care Program.

Dated: February 15, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed __4/12/05__ ____Kennebec____ Docket No. __AP05-23__
County

Action ____Petition for Review____
80C

# J. STUDSTRUP

____Margaret Clark____ vs. __John R. Nicholas, Comm, DHHS__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Denis Culley, Esq.<br>9 Green Street<br>P.O. Box 2723<br>Augusta, Maine  04330 | Janine Keck Massey, AAG<br>8̶4̶x̶H̶a̶r̶l̶o̶w̶x̶S̶t̶x̶y̶x̶2̶n̶d̶x̶F̶l̶o̶o̶r̶<br>B̶a̶n̶g̶o̶r̶x̶M̶a̶i̶n̶e̶x̶x̶0̶4̶4̶0̶1̶x̶<br>STATE HOUSE STA. 6<br>AUGUSTA MAINE 0'4333 |

| Date of Entry | |
|---|---|
| 4/12/05 | Petition for Review, filed. s/Culley, Esq. |
| 4/19/05 | Entry of Appearance, filed. s/Massey, AAG |
| ------ | Petitioner's Motion to Specify the Future Course of the Proceedings, filed. Culley, Esq.<br>Certificate of Service, filed. s/Culley, Esq. |
| 5/2/05 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Studstrup, J.<br>Briefing, filing and all other deadlines in this matter shall be described in M.R.Civ.P. 80C.  Any and all discovery that may be needed should be accomplished within the time allotted by that rule.<br>Copies mailed to attys. |
| 5/2/05 | Respondent's Answer, filed.  s/J. Massey, AAG |
| 5/2/05 | Respondent's Motion to Dismiss with Incoporated Memorandum of Law with Proposed Order, filed. |
| 5/11/05 | Certified Record, filed. s/Massey, AAG |
| 5/23/05 | Petitioner's Opposition to Respondent's Motion to Dismiss, filed. s/D. Culley, Esq. |
| 5/26/05 | Respondent's Reply to Petitioner's Opposition to Motion to Dismiss, filed. s/Massey, AAG. |
| 6/21/05 | Petitioner's Brief, filed. s/Culley, Esq.<br>Certificate of Service, filed. s/Culley, Esq. |
| 7/20/05 | Respondent's Brief Pursuant to M.R.Civ.P. 80C, filed. s/Massey, AAG |
| 8/1/05 | Petitioner's Reply Brief, filed. s/Culley, Esq. |
| 9/7/05 | Hearing held on Motion to Dismiss with the Hon. Kirk Studstrup, presiding. Denis Culley, Esq. for the Plaintiff and Janine Massey, AAG for the DHHS<br>Oral arguments made to the court.  Court DENIES motion to dismiss<br>Copies mailed to attys. of record. |